STATE of Minnesota, Respondent,

v.

Samuel WOODARD, Jr., Appellant.

No. 46509.

Supreme Court of Minnesota.

June 24, 1977.

C. Paul Jones, Public Defender, Robert Oliphant, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom, David W. Larson and Phebe S.

Haugen, Asst. County Attys., Minneapolis, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of a charge of aggravated forgery-uttering, Minn. St. 609.625, and was sentenced by the trial court to a maximum term of 10 years in prison. Issues raised by defendant on this appeal from judgment of conviction are whether the trial court erred in admitting other-crimes evidence over defendant's objection that the Spreigl notice was untimely and whether the prosecutor committed misconduct in the manner in which he referred to defendant's prior convictions in his closing argument. We affirm.

The Spreigl notice in this case was tardy. However, defendant knew about the evidence as early as the preliminary hearing. Formal notice was given 3 days before the trial began and defendant has not shown that he did not have adequate time to prepare to meet the evidence. In short, defendant does not appear to have been prejudiced by the tardiness of the notice. See, *State v. Schweppe,* 306 Minn. 395, 237 N.W.2d 609 (1975).

The second issue relates to statements by the prosecutor in his closing argument referring to defendant's criminal record. Although parts of the argument were objectionable, defense counsel did not object and in fact also relied on defendant's record to make a point of his own in closing argument. Further, the trial court gave a correct instruction concerning the limited permissible use by the jury of the evidence of defendant's record.

Affirmed.